IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JASON ALAN EARLS,

   Plaintiff,

V.

PUBLIC DEFENDER JENNIFER WATTS, *et al.*,

   Defendants.

NO. 5:21-cv-00315-MTT-TQL

# ORDER

Plaintiff Jason Alan Earls, a prisoner in the Macon County Jail in Oglethorpe, Georgia, filed a *pro se* complaint under 42 U.S.C. § 1983. Compl., ECF No. 1. On a preliminary review of Plaintiff's complaint, the United States Magistrate Judge concluded that Plaintiff had failed to state a claim upon which relief could be granted. Order to Recast, ECF No. 4. Because it appeared that the statute of limitations was close to passing, such that any dismissal may effectively act as a dismissal with prejudice, the Magistrate Judge gave Plaintiff an opportunity to amend his complaint. *Id.* Plaintiff has now filed a recast complaint, which is ripe for preliminary review. Recast Compl., ECF No. 5. Because Plaintiff's recast complaint still does not state a claim upon which relief may be granted, it is now **DISMISSED WITHOUT PREJUDICE**, as set forth below.[1]

---

[1] To the extent that this dismissal may effectively act as a dismissal with prejudice due to the statute of limitations, as noted above, Plaintiff has been given an opportunity to amend his complaint to attempt to state a claim, and his amended complaint still does not allege facts stating a claim for relief. Thus, dismissal is warranted, even if such dismissal is effectively a dismissal with prejudice.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.      Standard of Review

Because the Court has granted Plaintiff leave to proceed *in forma pauperis*, his complaint is subject to a preliminary review. *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings). When performing this review, the court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, the Court "liberally construe[s]" *pro se* claims. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the

speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.     Factual Allegations

In his recast complaint, Plaintiff asserts that, on November 21, 2019, his public defender Jennifer Watts came to the jail and spoke to two other inmates, telling them that Plaintiff had written statements about them. Recast Compl. 5, ECF No. 6. One of those inmates told the other inmates in the dorm what Watts had said. *Id.* Thereafter, the two inmates that Watts spoke to talked to each other across a doorway, both confirming that Watts had said that Plaintiff wrote a statement against them. *Id.* One of the inmates then came to Plaintiff's cell and confronted Plaintiff, telling Plaintiff that if he did not leave the

dorm, he would be beaten. *Id.*

Plaintiff then asked Defendant Regina Harris to move him to another dorm, but Harris told Plaintiff that he either had to stay where he was or move to D-pod. *Id.* Harris refused to put Plaintiff in A-pod because that dorm was too close to where Plaintiff's girlfriend was housed. *Id.* Harris also called Plaintiff a snitch. *Id.* Plaintiff chose to move to D-pod because only two of the three men in that dorm were hostile to Plaintiff. *Id.* Plaintiff asserts that many of the men housed in the Macon County Jail "think they are bad" and start fights, which the guards just allow to happen. *Id.*[2]

### III.   Plaintiff's Claims

Plaintiff filed this complaint, asserting that the defendants put his life in danger by telling other inmates that Plaintiff had been providing information and by not allowing him to move out of the dorms where those inmates were held. As relief, Plaintiff seeks only monetary damages. *See id.* at 6.

As an initial matter, it is not clear that Watts acted under color of state law when she spoke to the inmates. Generally, public defenders are not considered state actors when they act as a person's defense counsel. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981).

---

[2]Plaintiff attached a statement to his complaint, asserting that he has had other problems with the jail and judicial system regarding which he intends to file five additional lawsuits. Plaintiff requests that he be sent forms in order to facilitate these filings. This portion of his request is **GRANTED**, and the **CLERK** is **DIRECTED** to forward Plaintiff five blank 42 U.S.C. § 1983 forms. Plaintiff also asserts that he needs his and his girlfriend's arrest reports as well as copies of certain transcripts. Plaintiff asks the Court for request forms so that he may obtain this paperwork. The Court does not have such request forms to provide to Plaintiff, and thus, this part of his request is **DENIED**.

Here, it does not necessarily seem that Watts would have been acting in her capacity as defense counsel when she spoke to the other inmates. To the extent that she spoke to them in some other role, it remains unclear whether that could be considered acting under color of state law. Regardless, as discussed below, Plaintiff has not stated a claim for relief against Watts, even assuming she could properly be considered a state actor. Likewise, Plaintiff has not set forth a claim for relief against Officer Regina Harris.

In this regard, Plaintiff's allegations raise a potential claim for deliberate indifference to safety. To establish a claim for deliberate indifference to safety, a prisoner plaintiff must establish "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Hale v. Talapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). A prisoner seeking prospective injunctive relief with regard to an unsafe prison condition is not required to await an actual injury before seeking such relief. *See Farmer v. Brennan*, 511 U.S. 825, 845 (1994) (*quoting Pennsylvania v. West Virginia*, 262 U.S. 553, 593 (1923) (noting that "an inmate seeking an injunction on the ground that there is a contemporary violation of a nature likely to continue . . . must adequately plead such a violation"), and *Helling v. McKinney*, 509 U.S. 25, 33-3 (1993)).

By telling other inmates that Plaintiff was an informant, Watts certainly could have put Plaintiff in harm's way and may have been deliberately indifferent to a risk of harm. But Plaintiff has not set forth any facts showing that Watts' actions actually caused Plaintiff to be in any danger or that he has been damaged in any way by her actions. In particular, Plaintiff alleges that Watts made these statements to the other inmates in November 2019,

5

and that the other inmates told him they would harm him if he did not leave the dorm, but his allegations further show that he was able to move to a different pod and Plaintiff does not assert any facts showing that there were any further consequences resulting from Watts' discussions with these other inmates. Most notably, Plaintiff does not assert that any of the inmates actually harmed him, or that they even tried to harm him, in any way. Thus, Plaintiff has not established the causation element of a deliberate indifference to safety claim. Moreover, Plaintiff has not stated a claim for prospective injunctive relief insofar as he has not alleged any facts showing any ongoing danger or risk of harm.

With regard to Officer Harris, Plaintiff asserts only that she gave him the choice of two dorms, both of which held individuals that were hostile to Plaintiff, and that she would not put him into a third dorm because it was too close to his fiancé. Plaintiff alleges no facts showing that he was ever in danger of harm due to Harris's actions or that there is any ongoing risk of harm. Thus, Plaintiff has not stated a claim upon which relief may be granted. Therefore, for the reasons discussed above, the Court now **DISMISSES** Plaintiff's complaint **WITHOUT PREJUDICE** for failure to state a claim.

**SO ORDERED**, this 18th day of November, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
